Gallaher *et al. v.* The State.

Filed May 2, 1885.

---

No. 12,181.

### GALLAHER ET AL. *v.* THE STATE.

CRIMINAL LAW.—*Practice.*—*Indictment.*—*Motion to Strike Out.*—A motion to strike out part of an indictment is not recognized by the rules of practice in criminal cases.

SAME.—*Instructions.*—*What Record Must Contain.*—Instructions are regarded as an entirety, and where error is alleged in the giving of instructions the record must show that there was error in the instructions taken as a whole. It is, therefore, necessary for the record to contain so much of the instructions at least as affirmatively shows error, and the better practice is to embody all the instructions in the record.

SAME.—*Evidence.*—*Riot.*—*Res Gestæ.*—The acts and declarations of persons engaged in the commission of a riot are admissible against them as part of the *res gestæ*, although such evidence may also show the malicious destruction of property.

From the Clinton Circuit Court.

*J. V. Kent, J. Bradley* and *W. R. Moore,* for appellants.

*F. T. Hord,* Attorney General, and *W. B. Hord,* for the State.

ELLIOTT, J.—The appellants were tried and convicted upon an indictment charging them with having engaged in a riot.

The rules of criminal procedure do not recognize the right of an accused to move to strike out part of an indictment. There is no necessity for such a motion. If the matter objected to is mere surplusage it does no harm; if it is material it makes the indictment double, and for that vice the remedy is a motion to quash.

What is said and done by persons during the time they are engaged in a riot constitutes the *res gestæ*, and it is, of course, competent to prove all that is said and done. If the violent. or disorderly conduct of the rioters results in injury to property, and the act causing the injury is committed during the riot, the State may prove the act which caused the injury. This evidence is not admitted for the purpose of establishing another offence, but because it is part of the occurrence which constitutes the riot and tends to show that the conduct. of the defendant was riotous and violent.

Only two of the instructions given by the court are brought into the record, the ninth and the eleventh, and we are not able to say that any error was committed in giving them, for, if they had been accompanied by other instructions correctly expressing the law, there would have been no error, as the utmost that can be urged against these two instructions is that they are somewhat obscure and incomplete, and these are defects which the other instructions might have fully remedied. It is well settled that instructions are to be regarded as an entirety, and if, when so regarded, they express the law correctly, and without material contradiction, there is no error. *Goodwin* v. *State,* 96 Ind. 550, and auth.; *Kirland* v. *State,* 43 Ind. 146; S. C., 31 Am. R. 386. We are bound to presume that the other instructions given by the trial court did express the law correctly, and the imperfections and obscurities in those brought into the record were removed by the other instructions given by the court. It would be illogical to judge of the meaning of a series of eleven or more instructions by making an inspection of two only of the series. The safer practice is to bring all of the instructions into the record. There may, perhaps, be cases where this court could decide that there was error in giving instructions without having all the instructions before it, but the case that would warrant such a course must be an extraordinarily strong one.

Judgment affirmed.

Filed April 10, 1885.