Vancleave v. Clark.

Filed March 12, 1889.

---

No. 13,583.

VANCLEAVE *v.* CLARK.

PARENT AND CHILD.—*Contract of Third Person to Support Child.*—One who has contracted with the father of a minor child, for a stipulated money consideration, to keep the child in his family and in all respects to provide and care for her, is liable to the father, if, in violation of his contract, he causes her to be confined in the county poor-house, where she dies.

SAME.—*Subsequent Insanity of Child.*—The fact that after the defendant had kept the child in his family for a time she became insane and difficult to control might have entitled him to a rescission of the contract, but it is not a defence to an action for a breach, it being his duty to prepare a suitable place to keep her.

SAME.—*Breach of Contract.—Measure of Damages.*—The defendant having complied with his contract for a time, the plaintiff is not entitled to recover back the entire consideration paid, but the measure of damages is the difference in value between the care and treatment the child actually received and that called for by the contract.

SUPREME COURT.—*Instructions to Jury.—Consideration of.*—Where all the instructions given by the court are not in the record, instructions refused will not be considered on appeal; but if an instruction given appears in the record it will be considered, if it is so erroneous that it could not be cured by the giving of other instructions.

From the Montgomery Circuit Court.

*W. H. Thompson* and *J. West,* for appellant.

*G. W. Paul, M. D. White* and *J. E. Humphries,* for appellee.

COFFEY, J.—On the 1st day of March, 1881, the appellant entered into a written agreement with the appellee by the terms of which the appellant, for the consideration of four hundred dollars, agreed to keep in his own family, take charge of and maintain at his own expense, the infant daughter of the appellee during her natural life. By the terms of the agreement the appellant was to keep her in his own family as one of his children, to provide her with suitable food, clothing, schooling and medical attention, should she require it, and in case of her death to pay her funeral expenses.

It is averred in the complaint as a breach of this contract, substantially, that the appellant did not keep said daughter in his possession at his home as one of his children; that he did not during her lifetime provide her with suitable food and clothing, medical attention and schooling, and did not keep her at his own house as a member of his family, but on the contrary, without the knowledge or consent of the appellee, and without the consent of said daughter, he took her to the poor-house of the county, where she was permitted

to remain until her death. The complaint consists of two paragraphs, but the legal effect of both is the same.

The appellant filed a demurrer to the complaint, alleging that the same did not state facts sufficient to constitute a cause of action, but the demurrer was overruled and he excepted.

The appellant then filed an answer in two paragraphs. The first is pleaded in mitigation of damages and alleges, substantially, that the daughter of the appellee, named in the contract set out in the complaint, after she had been kept by the appellant for about two years, became seriously sick and diseased and afflicted with epileptic disorder, and thereby became deranged in her mind, and was from that time forward to the day of her death unable to control herself, and was insane and was a source of constant danger to herself and all persons about her ; that defendant tried in every way possible to protect her from danger of self-destruction, but found it impossible to keep her from throwing herself into the fire and in many other ways mutilating and destroying herself; that she became so deranged and wild in her mind that it was impossible, with the means that could be used at the home of the defendant, to care for and protect her as was necessary, and the defendant, after exhausting every means available, endeavored to find some one who could control and protect said child, but could obtain no one ; that not only was said child a constant danger to herself by reason of her insanity and the unreasoning wilfulness of her acts, but unless constrained, guarded and withheld she would set fire to the furniture, beds and curtains, and to the house in which the appellant lived ; that though said child had grown to be a large girl, almost full-grown, she was so diseased and deranged in her mind that she would, unless withheld and violently restrained, tear off her own clothing in the presence of men and thereby bring shame and humiliation upon herself and upon the appellant and his family ; * * * that finding that the home of appellant was not a safe or proper place to longer keep said child, and that she could be better

and more safely cared for and guarded, appellant took said child to the county asylum and placed her therein, with instructions for her to be carefully attended upon, and in all respects well and carefully protected; that she was so kept at said asylum for the period of nine months, when, by reason of the continuance and increasing violence of her sickness and disease, she died; that appellant attended to furnishing and paying for her funeral expenses, and she was decently and properly cared for and given respectable burial.

The second paragraph avers the same facts set out in the first, but they are pleaded in this paragraph as a bar to the cause of action set up in the complaint.

The court sustained a demurrer to the second paragraph of this answer and the appellant excepted.

The appellee replied by way of a general denial to the first paragraph of the answer, and the cause, being at issue, was tried by a jury, who returned a verdict for the appellee. Over a motion and reasons for a new trial, the court rendered judgment on the verdict.

The appellant assigns in this court, as error, that the court erred in overruling the demurrer of the appellant to the first and second paragraphs of the complaint; that the court erred in sustaining the appellee's demurrer to the second paragraph of the appellant's answer; that the court erred in overruling the appellant's motion for a new trial.

The appellant argues that the complaint does not state a cause of action in favor of the appellee because the contract in suit was made for the benefit of the daughter, and that, if any cause of action existed for its breach, it should be enforced in favor of the daughter and for her benefit alone.

We can not agree with the appellant in this position. It is true that the contract was, in one sense, for the benefit of the daughter, but the appellee, as the father, was bound by law to support his infant daughter, and the appellant, having contracted with him, for a valuable consideration, to perform that legal duty, was liable to him for any breach of that con-

Vancleave *v.* Clark.

tract.   In our opinion each paragraph of the complaint states a good cause of action.

The second paragraph of the answer admitted a breach of the contract set out in the complaint, and as it gave no legal excuse for such breach it was bad.   The court, therefore, did not err in sustaining the demurrer of the appellee addressed to that paragraph.   As the appellant had expressly covenanted to keep the daughter in his family, when she became insane it was his duty, if he had no suitable place to keep her, to prepare one.   He had no legal right to confine her in the county asylum amongst the common paupers.   Indeed, with the contract in suit in her favor, she could in no sense be considered a pauper, and it was illegal to confine her at a place where none but that class could be lawfully admitted.

The appellant claims that the court erred in its instructions to the jury, and also in refusing to give certain instructions asked by him.   It is contended by the appellee that it does not affirmatively appear that all the instructions given by the court are in the record, and that, therefore, no question relating to the instructions can be considered by this court.

After a careful consideration of the bill of exceptions we find that it sustains the contention of the appellee.   It does not appear that the court was requested to instruct the jury in writing, nor does it appear that all the instructions were in fact written.   Those set out in the bill were not signed by the judge, nor is there any statement found in the bill, or in any other part of the record, from which it can be inferred that all the instructions given by the court are here for our consideration.   In this state of the record we can not consider the instructions asked by the appellant and refused by the court.   *Indiana Mfg. Co.* v. *Millican*, 87 Ind. 87 ;   *Pittsburgh, etc., R. R. Co.* v. *Noel*, 77 Ind. 110 ;   *Newcomer* v. *Hutchings*, 96 Ind. 119.   But it does not follow that, because it does not appear that all the instructions given by the

court are in the record, this court will not consider those which do appear. Where all the instructions are not before this court, we can not consider instructions asked and refused, because the presumption obtains that, if they state the law applicable to the case, they were given in some other instruction. But where an erroneous instruction appears in the record, if it be erroneous to such a degree that it could not be cured by some other instruction, this court can see that the party against whom it was given has been injured, and will, therefore, consider such erroneous instruction. *Coryell* v. *Stone*, 62 Ind. 307.

The fifth instruction given by the court is as follows: "If the facts to which I have called your attention have been proved by a preponderance of the evidence, then the plaintiff is entitled to recover, and the measure of his recovery will be the amount paid by the plaintiff, with interest thereon at six per cent. per annum from the date of payment to the present time."

It is contended by appellee that the contract in suit is an entirety, and that the money paid the appellant was paid upon a condition subsequent, and a failure to comply with the terms of the contract gave the appellee a right to recover back the full consideration paid by him.

We are unable to agree with the appellee in his view of the law. The law does not favor conditions subsequent, because they tend to destroy estates, and where words of doubtful meaning are used, they will be construed as constituting a covenant rather than a condition. There are no words of condition in the contract in suit. In this case the appellant had fully complied with the contract for nearly two years. Under this state of the case it is not competent for the appellee to sue for and recover the entire consideration paid by him by reason of the failure of the appellant to comply with the contract for the period of nine months.

It is not necessary for us to decide what would be the rule of damages if the daughter were yet living. Under this

Vancleave *v.* Clark.

contract the appellee had the right to have his daughter kept in the family of the appellant, fed, clothed, taken care of as one of his own family and furnished with proper medical treatment. It is true that a state of facts arose after the execution of the contract which was not in the contemplation of the parties at the time, and which, perhaps, would have entitled the appellant, upon a proper application, to rescind the contract; but as he took no steps in that direction, he must be held to the contract as it is written.

In our opinion the proper measure of damages, as applicable to the case, is the difference in value between the care and treatment the daughter actually received and that called for by the contract. Such a rule would fully compensate the appellee, so far as money can compensate him for the breach of the contract, and would at the same time require the appellant to make good his breach of the contract.

As no denial was pleaded, the court did not err in instructing the jury that if they returned a verdict at all it must be for the plaintiff.

For the error of the court in giving instruction number five the cause must be reversed.

Cause reversed, with instructions to the circuit court to grant a new trial, and for further proceedings not inconsistent with this opinion.

Filed March 12, 1889.