Filed Feb. 8, 1890.

---

No. 14,708.

## BAUGHAN ET AL. *v.* BROWN, ADMINISTRATOR.

VERDICT.— *Weight of Evidence.—Motion for New Trial.—Supreme Court.— Reversal of Judgment.—* Where there is some evidence tending to support the verdict, or the finding of the court, the judgment will not be reversed on account of the overruling of a motion for a new trial, assigning as cause that the verdict or finding is not supported by the evidence.

CONTRACT.—*For Care and Support.—Breach.—Action for Damages by Administrator.— Verdict.—Evidence.—* In an action by an administrator to recover damages for the breach of a contract for the care and support of his decedent, the evidence showed that a written contract had been executed between the deceased and the defendant whereby the defendant, in consideration of $500 and the household goods owned by the deceased

agreed to take care of him and support him during his lifetime, and after his death to give him decent burial. The evidence tended to show a discharge of the obligation to pay the $500 by a delivery by the decedent to the wife of the defendant of two promissory notes, amounting to $500. The evidence on behalf of the defendants tended to prove a rescinding of the contract by mutual agreement, the deceased making a new contract for his support with the wife of the defendant, by which the two notes were assigned to her, the contract being left in the hands of a third person for safe-keeping and uncalled for at the beginning of this suit. There was evidence tending to prove that the wife of the defendant refused to keep the deceased longer than three years, when he was removed to the house of another.

*Held,* that a verdict for the plaintiff was not wholly unsupported. by the evidence.

SAME.—*Promissory Notes.—Assignment.—Evidence.*—The two notes assigned by the deceased and delivered to the wife of the defendant were admissible in evidence, the theory of the plaintiff being that the notes were assigned and accepted in discharge of the obligation to pay $500 in maintenance of the deceased.

SAME.—*Evidence. —Conversation.—Res Gestæ.*—What was said by the wife of the defendant, in his absence, when the deceased finally left the house of the defendant, is admissible in evidence as a part of the *res gestæ,* being explanatory of that act.

SAME.—*Instruction to Jury.*—The jury having been instructed that if the deceased had not paid the $500 stipulated for in the contract the plaintiff could not recover, an instruction to the jury to the effect that an endorsement of two notes for that amount to the defendant or to his wife, with the defendant's knowledge and consent constituted payment, was not erroneous.

SAME.—*Care and Support.—Expense.—Admissibility of Proof.*—It was not error for the court to permit the plaintiff to prove what it was reasonably worth to keep the deceased until his death, or to prove what it was worth to give him decent burial.

From the Delaware Circuit Court.

*T. B. Redding, A. C. Silverburg* and *R. S. Gregory,* for appellants.

*G. H. Koons, J. Brown* and *W. A. Brown,* for appellee.

COFFEY, J.—This cause is in this court for the second time. The issues as formed in the circuit court are fully set forth in *Baughan* v. *Baughan,* 114 Ind. 73. While the appeal was pending in this court the appellee John Baughan

died intestate, and when the cause was returned to the court below, the present appellee, William A. Brown, as administrator of his estate, was substituted as plaintiff. The cause was again tried upon the issues as formed during the lifetime of John Baughan, resulting in a verdict and judgment for the appellee.

The questions involved in this appeal relate to the action of the circuit court in overruling the appellants' motion for a new trial.

It is contended by the appellants that the verdict of the jury is not supported by the evidence and is contrary to law.

The evidence on behalf of the appellee consisted of a written contract executed between John Baughan, the deceased, and William Baughan, appellant, with the other appellant, James Baughan, as surety, by the terms of which the said William Baughan agreed with the deceased, in consideration of five hundred dollars, and the household goods owned by him, to take care of, maintain and support the deceased during his lifetime, in a good, careful manner, and after his death to give him a decent burial and pay the expenses thereof. It was further stipulated that in the event deceased should own any other property at the time of his death, the appellant, William Baughan, should have such property in addition to the five hundred dollars and the household goods.

The evidence tends to show that the deceased, in discharge of his obligation to pay the five hundred dollars provided for in the contract, assigned and delivered to the wife of the appellant William Baughan two promissory notes, amounting to five hundred dollars, with some interest thereon, which the appellant negotiated and sold to a bank, and realized therefor from four hundred and sixty to four hundred and eighty dollars. The evidence further tends to prove that after the deceased had remained with the appellant William Baughan something over three years, the wife of the said William refused to keep him longer, when he was removed

to the house of one Malissa Miller, where he died during the pendency of this suit.

The evidence on behalf of the appellants tends to prove that the contract between the parties had, by mutual agreement, been rescinded and abandoned; and that the deceased had made a new contract with the wife of the appellant William Baughan for his support, under the terms of which the two notes, amounting to five hundred dollars, were assigned to her, and upon this theory the defence in the case was made.

The evidence of the deceased was taken on a former trial of this cause, and was read in evidence on the last trial, in which he denied that the contract had been rescinded. There are, also, some circumstances in the case in conflict with the theory of the defence, among which is the fact that the contract above referred to was left with one Scott, by the mutual agreement of the parties, for safe-keeping, and was still there uncalled for at the time of the commencement of this suit. All this evidence, as well as the circumstances attending the case, was doubtless considered and duly weighed by the jury. It was their special province to determine what weight it should have in arriving at their verdict. We can not say that their verdict is wholly unsupported by the evidence.

Where there is some evidence tending to support the verdict, or the finding of the court, this court will not reverse the judgment on account of overruling the motion for a new trial, assigning as cause, that the verdict or finding is not supported by the evidence.

On the trial of the cause the court permitted the appellee to read in evidence the two notes assigned by the deceased and delivered to the wife of appellant William Baughan and the appellants excepted.

The theory of the appellee was that said notes were assigned to the wife of the appellant William Baughan with his consent, and accepted in discharge of the obligation to pay five hundred dollars for the maintenance of the deceased as provided in the written contract between the parties.

The notes, with the endorsements thereon, considered in connection with the other evidence in the cause, tended to support the contention of the appellee, and we know of no valid objection to their introduction in evidence. Possibly, at the time they were read, they had not been sufficiently identified, but in the evidence in the cause, subsequently introduced, they were fully identified, so that if any error was committed on that account, at the time they were read, such error was afterwards cured, and is not now available.

One Mitty Baughan testified, over the objection of the appellants, that on one occasion she took the deceased to the . house of the appellant William Baughan in a buggy, after he had been absent, and that the wife of said appellant refused to permit him to enter the house, and said that the writings between them were not good, and that they would not keep him any longer. Thereupon the witness took him away and he was taken to the house of Mrs. Miller by the appellant James Baughan, and remained there until his death. It is contended by the appellants that what was said by Mrs. Baughan, in the absence of her husband, was mere hearsay evidence, and should not have been admitted. ·

We do not so regard it. The contract between the parties contemplated, we think, that the deceased should have a home in the family of the appellant.

What was said at the time the deceased finally left the house of the appellant is explanatory of that act, and so a part of the *res gestæ.* If members of appellant's family ejected the deceased, or refused him admission to the house, or otherwise rendered it impossible for the deceased to remain there, it was a breach of the appellant's contract to take good care of him, for which the appellant was liable.

The court instructed the jury as follows:

" 14. If the jury shall find from the evidence that John Baughan, the plaintiff's decedent, endorsed the four hundred dollar note and the one hundred dollar note which have been admitted in evidence, and delivered the same to Will-

iam Baughan in consideration of the five hundred dollars named in the contract, or if he delivered said notes to the wife of said William Baughan with the knowledge and approval of said William Baughan, for said purpose, this would be a payment upon the contract declared upon in the complaint.

" 15. If the five hundred dollars, named in the contract sued on, was given to the wife of the defendant, William Baughan, by the decedent, for the reason that he wanted her to have the money, and this was known by the defendant, William Baughan, and he consented to this, it would be a payment upon the contract declared upon in the complaint."

It is not claimed by the appellants, as we understand their brief, that these two instructions do not state the law correctly, but it is contended that they are not applicable to the evidence in the cause. We think otherwise. There were facts and circumstances in the cause, as we have already said, from which the jury might have inferred that the notes and money delivered to Mrs. Baughan by the deceased were delivered by him, with the consent of the appellant, in discharge of the obligation to the appellant to pay him five hundred dollars.

They were told in other instructions given by the court, that if the deceased had not paid to the appellant the five hundred dollars stipulated for in the contract, the appellee could not recover; so that the instructions above set out could not have misled the jury.

Finally, it is claimed by the appellants that the amount of recovery in this cause is too large. Such claim is based upon the assumption that the court erred in permitting the appellee to prove what it was worth to keep, maintain and care for the deceased after the commencement of this action, and up to the time of his death, and what it was worth to give him a decent burial.

The complaint in the cause is based upon the theory that the deceased was entitled to recover from the appellants, by

Baughan *et al. v.* Brown, Administrator.

way of damages, for a breach of the contract in suit, the amount it would be reasonably worth to keep and maintain him during his life, and give him a decent burial when dead. Had the deceased been living at the time of trial it might have been somewhat difficult to ascertain the amount which he was entitled to recover, by reason of the uncertainty as to the length of time he would live, but upon his death such uncertainty was removed. It then became a mere matter of ascertaining the reasonable value of his keeping and maintenance up to the time of his death.

We do not think the court erred in permitting the appellee to prove what it was reasonably worth to keep and maintain the deceased up to the time of his death. Nor do we think the court erred in permitting the appellee, who is the administrator of the estate of the deceased, to prove what it was worth to give the deceased a reasonable burial, as the contract in suit expressly provides that the appellants shall pay such expense. We do not think that the amount of recovery in this case was too large ; indeed, under the evidence, it might have been larger.

We find no error in the record.

Judgment affirmed, with costs.

**Filed Feb. 7, 1890.**