Maxwell *v.* Burton.

No. 379.

## MAXWELL *v.* BURTON.

CONTRACT.—*Services.*—*Action for.*—*Excessive Verdict.*—Where a daughter boarded and cared for her mother under an express agreement for a time at a stipulated price, but the mother becoming paralyzed and helpless, the contract was rescinded, a verdict for eight dollars a week for the services thereafter in boarding and caring for her was not excessive.

From the Morgan Circuit Court.

*J. H. Jordan,* `O. Matthews* and *W. R. Harrison,* for appellant.

*A. M. Cunning,* for appellee.

CRUMPACKER, J.—This action was brought by Susanah. Burton to recover compensation for board and care furnished by her to Catharine Maxwell.

The cause was tried by the court without the assistance of a jury, and plaintiff was awarded judgment for $713.75.

The only question presented by the appeal relates to the alleged excessiveness of the amount of recovery.

It was shown by the evidence that appellant, who is appellee's mother, had been living with the latter for some time prior to the 18th day of June, 1885, and to whom she had been paying $3.50 per week for board and care. On the 18th day of June, 1885, they entered into a written contract respecting such board and care according to the tenor following : " That said Catharine Maxwell so agrees to pay said Susanah Burton five dollars per week for board, washing, care, nursing and attention so long as the same shall be furnished and enjoyed, and the said Susanah Burton agrees to board, wash for, lodge, take care of and attend to said Catherine, her mother, in a suitable and proper manner so long as the said Catharine shall desire for the price of five dollars per week, and in consideration thereof to do all she reasonably can to make life enjoyable to her."

At the time of the execution of the contract appellant con-

stituted one W. R. Harrison as trustee to manage and control her estate and to collect rents and disburse the same in payment of taxes and improvements and the board and care of appellant. Harrison signed the contract between appellant and appellee, and assumed the duties of such trust. Appellant lived with the appellee under the terms of said contract, and in the year 1888 she was paralyzed and became as helpless as a child, and continued in that condition until the commencement of this action. She became a great burden, and required the constant attention of one person and sometimes two. On the 1st of April, 1889, appellee notified Harrison that she would not keep appellant any longer under the terms of the contract, as the compensation was inadequate, and that she would insist upon reasonable pay for her services in that behalf. Harrison said he would consult with other members of the family relative to the rescission of the contract. Appellee continued to keep and care for her mother, and on the 15th day of November, 1890, brought this suit, claiming five dollars per week for such board and care to the 1st day of April, 1889, and ten dollars per week from that date to the commencement of the action. She was allowed the contract price to April 1st, and about eight dollars a week thereafter. At the contract price she would have been entitled to $370. Appellant was personally unable to attend the trial of the cause, but the defence appears to have been conducted by others of her children and Harrison. It is not claimed that appellee's services were not fairly worth all the court allowed her, but it is insisted that they were performed under the contract, and that she should recover no more than the stipulated price. The term for which the contract was to run is somewhat obscure, although it was subject to be terminated at any time at the option of appellant. In view of the peculiar personal relations with which the contract treats, it is difficult to construe its provisions as respects the question of duration by the rules gov-

erning ordinary business and commercial contracts. *Lindsay* v. *Glass*, 119 Ind. 301; *Ikerd* v. *Beavers*, 106 Ind. 483.

However, if the board and care had been furnished under the written contract, that instrument would supply the measure of compensation, notwithstanding the conditions may have so changed after its execution that burdens were imposed upon the appellee entirely beyond anything the parties could have had in contemplation in fixing the price. *Vancleave* v. *Clark*, 118 Ind. 61.

But the trial court concluded that the written contract was rescinded by mutual consent on the first day of April, 1889, and we can not say that this conclusion was not fairly inferable from the facts and circumstances in evidence.

This being the case, the evidence coerced the conclusion that appellee furnished the board and care with the understanding that she should be paid what such services were reasonably worth, and in this view the judgment is amply supported by the evidence.

The judgment is affirmed.

NOTE.—The death of appellant having been suggested, the decision is as of the November term, 1890.

Filed Jan. 22, 1892.