Treager *v.* Jackson Coal and Mining Company.

The judgment of the circuit court is reversed, with instructions to sustain the appellants' motion for a new trial.

Filed September 27, 1895.

---

No. 17,418.

## TREAGER *v.* JACKSON COAL AND MINING CO.

EVIDENCE.—*Notice.—Admissions.—Mining Boss.—Personal Injury of Servant.—Dangerous Condition of Mine.*—Upon the issue as to knowledge, by a mining company, of the defect in the roof of the mine, which caused an injury to an employe, evidence that after the accident the mining boss admitted that he had been notified of the defect, is inadmissible in the absence of evidence, offered or given, that at the time of the admission the latter was engaged in the discharge of any duty owing to the company, or that he was transacting any business for it whatever.

APPELLATE   PROCEDURE. — *Erroneous   Instruction. — Instructions Not All in Record.—Reversal of Judgment.*—The supreme court will not reverse a judgment for instructions not so palpably erroneous that no supposable instruction would have made them correct, where the instructions given are not all included in the record.

From the Clay Circuit Court.

*R. Fisher* and *J. A. McNutt*, for appellant.

*G. A. Knight*, for appellee.

McCABE, C. J.—The appellant sued the appellee for damages laid in his complaint at $5,000.00, resulting from the alleged negligence of the appellee.

The issues formed upon the complaint were tried by a jury, resulting in a verdict and judgment for the defendant, over appellant's motion for a new trial. The action of the circuit court in overruling that motion is assigned for error.

Treager *v.* Jackson Coal and Mining Company.

The first and second reasons assigned therefor in the motion for a new trial are waived by the appellant, expressly as to the first, and impliedly as to the second, by failure to discuss it in his brief. The third reason relates to the exclusion of certain offered evidence.

The injury complained of was received by the appellant while engaged in his duties as an employe of appellee in its coal mine, by a stone falling on him from the roof of the entrance thereto. The negligence charged against the appellee was permitting said roof to remain in an unsafe and dangerous condition, under which appellant had to pass in going to and returning from his work in appellee's coal mine.

The appellant asked of his witness, one Nicoson, while on the stand, the following question, to-wit: "Was there any conversation there between you and Mr. Cox, or any other parties present?" Appellee's counsel objected to the question on the ground that no conversation of Mr. Cox or others at that time could affect the defendant. Thereupon, "the plaintiff offered to prove by this witness, that Cox, then and there, in a conversation had by and between said Cox and the witness, admitted that he had been notified by the witness of the dangerous condition of the roof as aforesaid, and further offered to follow up this testimony, and prove by other testimony, that the place so pointed out was the identical place where plaintiff was injured," and the court sustained the objection.

There was no showing, or offer to show, that either Cox or Nicoson, or any body else engaged in the conversation proposed to be proven, bore any relation whatever to the appellee, so as to make such conversation binding on, or admissible against, the appellee. As offered, the conversation had nothing to rescue it from the objection that it was mere hearsay evidence. It is

true it appeared in evidence afterwards, that Cox was the appellee's mine boss; his duties being to open out the mines, locate the roads, lay off the entries, and have them made safe as a traveling way for the men and mules, and have it sufficiently and properly aired. But there was no evidence offered or given that at the time the proposed conversation and admission of Cox was had or made, he was engaged in any of these duties, or that he was engaged in the discharge of any duty he owed to appellee, or that he was transacting any business for the appellee whatever. Declarations of an agent made while not engaged in transacting the business of the principal, are not admissible against the principal. *Hynds* v. *Hays*, 25 Ind. 31; *Bennett* v. *Holmes*, 32 Ind. 108; *Union Cent. Life Ins. Co.* v. *Thomas*, 46 Ind. 44; *La Rose* v. *Logansport Nat'l Bank*, 102 Ind. 332; *Ohio, etc., R. W. Co.* v. *Stein*, 133 Ind. 243 (19 L. R. A. 733). There was no error in sustaining the objection.

The fourth and last reason assigned in the motion for a new trial is the giving of certain instructions asked by the defendant. These instructions do not purport to be all the instructions given in the cause, nor does the record show that they are. Out of the whole series of Nos. 3, 4, 5, 6, 7, 8, 10 and 12 given, only the 3d, 5th, 6th, 7th and 8th, are objected to in argument by the appellant. As was said in *Cooper* v. *State*, 120 Ind. 377, page 381, that "While it appears that the court gave certain instructions, set out in a bill of exceptions, it does not affirmatively appear either by implication or by a direct statement to that effect, that the instructions set out in the bill were all that were given. In the absence of such affirmative statement, or something from which the fact could be implied, we could not reverse a judgment unless an instruction com-

plained of was so radically wrong as to be incurable." To the same effect are *Puett* v. *Beard*, 86 Ind. 104; *Garrett* v. *State*, 109 Ind. 527; *Grubb* v. *State*, 117 Ind. 277.

We have carefully examined the instructions complained of, and find many of them correct in the abstract and as applied to the case made by the evidence, and the others not so radically wrong as to be incurable by other proper instructions. As was said in *Marshall* v. *Lewark*, 117 Ind. 377, at page 379, "When, therefore, one or more instructions appear in the record, which, if properly explained and adapted to the case by other instructions, would or might be correct, we will presume that the necessary explanations or qualifications were made by the court, and unless the instructions given were so palpably erroneous as that no supposable instruction would have made them correct, a reversal will not follow, even if some inaccuracies appear in the instructions upon which error is predicated." To the same effect are *Clore* v. *McIntire, Admr.*, 120 Ind. 262; *Grubb* v. *State, supra*; *Cooper* v. *State, supra; Puett* v. *Beard, supra; Cline* v. *Lindsey*, 110 Ind. 337. There was, therefore, no available error in giving the instructions mentioned, and hence no error in overruling the motion for a new trial.

The judgment is affirmed.

Filed May 28, 1895; petition for rehearing overruled September 27, 1895.