## HANNAN v. THE STATE.

[No. 18,212. Filed Sept. 14, 1897. Rehearing denied Dec. 8, 1897.

149   81
151   499
151   514
151   664
149   81
161   293

EVIDENCE.—*Weight Of.*—The Supreme Court will not review the evidence where there was competent evidence to sustain the verdict. *p. 82.*

INSTRUCTIONS.—*Joint Assignment of Error.*—Where error is assigned jointly to the giving of two instructions, both instructions must be bad or the assignment will not be available. *p. 83.*

SAME.—Where error is assigned in giving certain instructions all of the instructions given must be set out in the transcript. *p. 83.*

SAME.—*Appeal and Error.—Bill of Exceptions.*—The instructions must be embraced in a bill of exceptions and signed by the judge in order to become a part of the record on appeal. *p. 83.*

From the Elkhart Circuit Court. *Affirmed.*

*Ethan A. Dausman,* for appellant.

*W. A. Ketcham,* Attorney-General, *Merrill Moores* and *C. G. Sims,* for State.

HOWARD, J.—The appellant was convicted of petit larceny, sentenced to State's prison for one year, fined one dollar, and disfranchised for one year.

We are asked to reverse the judgment on the evidence and on instructions given by the court.

The able and ingenious attorney for the appellant gives in his brief a very full and fair abstract of the evidence; and while his presentation of the evidence and argument thereon leaves it doubtful whether the preponderance of the evidence was not in favor of the appellant, yet there was evidence, competent and sufficient, according to which the jury might have held, as they did, that the appellant was guilty as charged. It may be true, as argued, that the prosecuting witness was of intemperate habits, but it does not follow for such reason that the jury might not believe his testimony. The jury were also to determine from the evidence whether the appellant, who had the watch in his possession so soon after the time when it is alleged to have been stolen, had given a sufficient explanation of his possession of it. The jury may have erred in the weight which they gave to the different items of evidence introduced before them. Those, however, were matters of fact of which they were the exclusive judges, and we cannot review their determination of such matters of fact. It is enough for us to know, and all that we are authorized to determine, that there was competent evidence sufficient to sustain the verdict.

There are several reasons why the alleged error of the court "in giving instructions numbered seven (7) and ten (10)" is not available to reverse the judgment.

To make the assignment good, both instructions should be erroneous; whereas, as we think, one, at least, was good. Again, it does not appear affirmatively that the instructions set out in the transcript were all the instructions given by the court. But, more than all, it appears that the instructions objected to are not in the record.

"All exceptions in criminal causes, not saved by the entry of the clerk as a part of the proceedings in court," it was said in *Leverich* v. *State*, 105 Ind. 277, "must be embraced in a bill of exceptions. There is, consequently, no question before us upon the instructions copied into the transcript." See, also, *Meredith* v. *State*, 122 Ind. 514 ; *State* v. *Hunt*, 137 Ind. 537 ; *Chandler* v. *State*, 141 Ind. 106.

There was an attempt to bring the instructions in the case at bar into the record by a bill of exceptions; but the bill was not presented to the judge for his examination, nor was it signed by him. The certificate of the clerk alone is not sufficient, without the certificate and signature of the judge, to authenticate a bill of exceptions so as to make it a part of the record. The error in failing to present the bill to the judge for his signature, was, without doubt, an inadvertence; but none the less it is fatal to the validity of the bill as a part of the record.

Judgment affirmed.