The State *v.* Winstandley.

---

## THE STATE *v.* WINSTANDLEY.

[No. 18,373.  Filed November 29, 1898.]

CRIMINAL LAW.—*Instructions.—Presumption.—Record.—Bill of Exceptions.—Appeal and Error.*—When in a criminal cause it is not affirmatively shown by the bill of exceptions that it contains all the . instructions given by the court, this court must presume that such bill of exceptions does not contain all the instructions given. *p. 495.*

SAME.—*Instructions.—Presumptions.—Bill of Exceptions.—Appeal and Error.*—It will be presumed on the appeal of a criminal cause that the substance of instructions asked was embraced in instructions given by the court which are not contained in the bill of exceptions, and that if any instructions set out in the bill of exceptions are erroneous that they were corrected or withdrawn by other instructions given and not set forth in the record, where it is not

| 151 | 495 |
| 154 | 562 |
| 154 | 651 |
| 154 | 671 |
| 155 | 306 |
| 151 | 495 |
| 158 | 490 |
| 158 | 672 |
| 151 | 495 |
| 162 | 417 |
| 151 | 495 |
| 163 | 293 |
| 151 | 495 |
| f171 | 101 |

The State *v.* Winstandley.

affimatively shown by the bill of exceptions that it contains all the instructions given by the court. *pp. 496-501.*

APPEAL AND ERROR.—*Record.—Rules of Court.*—The party asserting that a ruling of the trial court is erroneous must cite the page and line of the record containing such ruling. *pp. 501, 502.*

From the Clark Circuit Court. *Affirmed.*

*W. A. Ketcham*, Attorney-General, *Harry C. Montgomery, W. C. Utz* and *J. K. Marsh*, for State.

*A. Dowling, Kelso & Kelso, Jewett & Jewett, M. Z. Stannard* and *W. H. Watson*, for appellee.

MONKS, C. J.—Appellee was indicted, tried, and acquitted of the charge of embezzlement. The indictment was based upon section 2031, Burns' R. S. 1894 (Acts 1891, p. 395). The State has appealed, and has assigned numerous errors, calling in question the action of the court in giving and refusing to give instructions. So far as the record shows, the court was not requested to instruct the jury in writing, nor is it shown that all the instructions given were in writing. Bills of exceptions containing instructions given by the court, as well as instructions requested by appellant, which the court refused to give, were signed and filed in the court below; but it is not stated in said bills, or either of them, that all the instructions given by the court are set forth therein. On the contrary, it is affirmatively shown by one of the bills of exceptions that some of the written instructions given have been omitted from the record. When, in a criminal case, it is not affirmatively shown by the bill of exceptions that it contains all the instructions given by the court to the jury, this court must presume that such bill of exceptions does not contain all the instructions given. *Cooper* v. *State*, 120 Ind. 377, 383, 384. In such case the presumption is that the substance of the instructions asked was embraced in the instructions given by the

court which are not contained in the bill of exceptions, and that, if any instructions given by the court, and set out in the bill of exceptions, are erroneous, they were corrected or withdrawn by other instructions given by the court, and not set forth in the record. *Pence* v. *Waugh*, 135 Ind. 143, 157, 158; *Board, etc.,* v. *Nichols*, 139 Ind. 611, 619, 620; *Musgrave* v. *State*, 133 Ind. 297; *Forsyth* v. *Wilcox*, 143 Ind. 144, 150. This doctrine is fully sustained by an eminent writer on the subject of appellate procedure, who says: "It has been again and again decided that the trial court is presumed to have given the jury correct instructions upon all the material points in the case. A party who desires to break the force of this presumption must present to the trial court a record fully and clearly showing that the trial court erred in giving or in refusing to give instructions. * * * The presumption is not overcome by bringing a part, only, of the instructions into the record, since the presumption is that those not in the record cured errors or defects in those that were given to the jury. It is necessary, in order to break the force of the presumption, to bring all of the instructions into the record, or to show where such a showing is allowable, that the instructions not in the record do not affect the point in controversy." Elliott App. Proc. Sec. 722. The same doctrine is declared and applied to other proceedings in the trial court.

In *Robb* v. *State*, 144 Ind. 569, complaint was made of misconduct of the prosecuting attorney in his opening statement to the jury, and this court held that it would presume that the trial court, in its instructions, withdrew any such misstatements of a prejudicial character, and directed the jury to disregard them, for the reason that all the instructions

given were not in the record. The court, at page 572, said: "However, it is the duty of this court to indulge all reasonable presumptions in favor of the action of the trial court, and in doing so in this instance we must presume, the contrary not appearing, that the court in its charges to the jury withdrew any misstatements, of a prejudicial character, and directed the jury to ignore them." If the presumption in such a case is that the trial court withdrew the improper statements of the prosecuting attorney and directed the jury to disregard them, it certainly follows that, if the instructions are not all in the record, and any instruction contained therein is erroneous, it will be presumed, not only that the same was corrected, or the defect therein supplied by other instructions given, and omitted from the record, but that the same was withdrawn, and the jury directed to disregard it, if such presumption is necessary to prevent a reversal of the cause. It is true that it has been said in several cases where the instructions given were not all in the record that, unless the instructions in the record which were complained of were so radically wrong that no supposable instruction could correct them, a reversal would not follow, but it would be presumed that other instructions, not in the record, were given, which, when construed with those in the record, all taken together, correctly stated the law to the jury. *Treager* v. *Jackson, etc., Mining Co.,* 142 Ind. 164, 166, 167, and cases cited. But we have not been cited to any case, and we have been able to find only one, *Vancleave* v. *Clark,* 118 Ind. 61, 66, in which this court, when the instructions given were not all in the record, refused to indulge the presumption that an error in giving an instruction was cured by another plainly withdrawing it, and reversed the

cause because such withdrawal was not affirmatively shown by the record.

In the case of *Lower* v. *Franks,* 115 Ind. 334, it was said that "the giving of a fatally erroneous instruction can only be cured by a plain withdrawal of such instruction, and the withdrawal of such instruction will not be presumed, but must be affirmatively shown," citing a number of cases. In that case, however, it was held that the record showed that all the instructions given were in the record. Under such circumstances, where all the instructions given are in the record, the record must show that the fatally erroneous instruction was plainly withdrawn by another instruction. None of the cases cited in the case last named lend any support to the doctrine that, where all the instructions are not in the record, it must affirmatively appear that a "fatally" erroneous instruction was withdrawn; and, so far as *Lower* v. *Franks* may seem to hold such doctrine it was *obiter dicta.* The same may be said of all the cases, except *Vancleave* v. *Clark, supra,* which seems to hold that where all the instructions are not in the record it will not be presumed that a "fatally" erroneous instruction given was withdrawn by another instruction not in the record, but that such withdrawal must be affirmatively shown by the record. The general rule declared by the decisions of this court is that errors in instructions cannot be considered when all the instructions are not in the record. *Hannan* v. *State,* 149 Ind. 81; *Hawley* v. *Zigerly,* 135 Ind. 248, 249; *Clanin* v. *Fagan,* 124 Ind. 304, 305; *Gallaher* v. *State,* 101 Ind. 411; *Musgrave* v. *State, supra,* p. 313. In *Pence* v. *Waugh, supra,*—an action to contest a will,—the court instructed the jury that, to entitle the plaintiffs to recover they must prove both unsoundness of mind and undue influence. The court, in another

instruction, said that, if the unsoundness of mind of the testator was established, plaintiffs could recover. This instruction, while correct, contradicted the one first mentioned, which was clearly erroneous. The correct instruction did not withdraw the first, the erroneous one; nor do the two, when considered together, correctly state the law. The only way that the error in giving such erroneous instruction could be corrected was by giving another, plainly withdrawing the same, and directing the jury to disregard it. *Roller* v. *Kling*, 150 Ind. 159, 163, 164; *Pittsburgh, etc., R. W. Co.* v. *Noftsger*, 148 Ind. 101, 109; *Wenning* v. *Teeple*, 144 Ind. 189, 195, and cases cited. The instructions were not all in the record, and this court refused to reverse the case for that reason.

In *Board, etc.*, v. *Nichols*, 139 Ind. 611, 619, this court said in regard to this question "Possibly if a charge were found to be so radically misleading and erroneous as not to be pertinent to any possible view of the case made by the pleadings or the evidence, and one which was so prejudicial that its evil effects could not be said to be withdrawn by any other charge, it might be considered, notwithstanding the absence of other charges from the record." This is an express recognition of the rule that, when all of the instructions given are not in the record, it will be presumed, when necessary to sustain the judgment of the court below, that any erroneous instructions given were withdrawn, and the jury directed to disregard the same, but the court in the part of the opinion quoted goes further and intimates that an erroneous instruction might be so prejudicial that no instruction withdrawing the same could cure the error, and that in such case the erroneous instruction would be considered, although all the instructions given were not in the record. In *Gallaher* v.

*State*, 101 Ind. 411, 412, this court said, "The safer practice is to bring all the instructions into the record. There may, perhaps, be cases where this court could decide that there was an error in giving instructions without having all the instructions before it, but the case that would warrant such a course must be an extraordinarily strong one." The presumption that an erroneous instruction was withdrawn, if necessary to sustain the judgment of the trial court, when the instructions are not all in the record, is as reasonable and no more radical or violent than the presumption that instructions were given which corrected the error in those contained in the record, or the presumption that the court withdrew the prejudicial statements of the prosecuting attorney and directed the jury to disregard them, as in *Robb* v. *State, supra*. As said by Judge Elliott in his work on Appellate Procedure, section 709, "If the appellate tribunal is compelled to resort to presumptions, it will choose that which sustains the proceedings of the trial court, and reject that which would overthrow them. If the condition of the record is such as to require the higher court to act upon a presumption, it will, without hesitation, adopt the presumption that upholds the judgment from which the appeal is prosecuted."

It is also assigned as error that the court erred in refusing to admit in evidence the deed of assignment of the Bedford bank. Counsel for appellant have not called our attention to the page and line of the record where any such evidence was offered by the State, or where the court made any such ruling as that complained of. Rule twenty-six of this court requires the party asserting that a ruling of the trial court is erroneous to cite the page and line of the record where the same may be found, and it has been re-

State, *ex rel.* Morgan, Assessor, *v.* Real Estate, etc.; Ass'n *et al.*

peatedly held by this court that, if this rule was not complied with, it would not search the record to find such error. *Siberry* v. *State*, 149 Ind. 684, 689; *Memphis, etc., Packet Co.* v. *Pikey*, 142 Ind. 304, 317; *Harness* v. *State, ex rel.*, 143 Ind. 420, 422, 423; *May* v. *State*, 140 Ind. 88, 94, 95; *Harlan* v. *State*, 134 Ind. 339, 342; *Louisville, etc., R. W. Co.* v. *Donnegan*, 111 Ind. 179, 190; *Sanders* v. *Scott*, 68 Ind. 130, 132; *Rout* v. *Woods*, 67 Ind. 319, 326; *Brunner* v. *Brunner*, 49 Ind. 98, 101; Elliott's App. Proc., section 440. Finding no available error in the record the appeal is not sustained.