## Lippincott v. Houseberg

*M. A. Strausburg*, for plaintiff.

*Jacob A. Raub, Jr.*, for defendant.

PALMER, J., July 6, 1959.—This matter is before us on preliminary objections in the nature of a demurrer to plaintiff's complaint in assumpsit.

The complaint alleges that prior to October 9, 1957, Harry Lippincott, hereinafter referred to as "dece-

dent", and defendant owned one-half interests in certain real estate situate in the City of Easton. On that date, decedent was admitted to the Easton Hospital and on October 21, 1957, conveyed his interest in the premises to defendant, in consideration of her promise to take care of him for the rest of his life. On November 13, 1957, decedent was able to leave the hospital but defendant refused to take care of him. Decedent died on November 28, 1957.

Damages are claimed in the sum of $4,000, being the value of decedent's one-half interest in the premises together with interest thereon. . . .

Where a defendant wishes to raise the question of the wrongful measure of damages pleaded, he should do so by a preliminary objection in the nature of a motion to strike off the complaint because of lack of conformity to law. See 1 Goodrich-Amram, Procedural Rules Service §1017(b)-14, and cases there cited.

As hereinabove noted, plaintiff seeks damages in an amount equal to the value of the one-half interest in the property which decedent deeded to defendant. The proper measure of damages is the reasonable value of the support of decedent from the date of the deed to the time of his death, according to his circumstances and conditions in life. While there are no Pennsylvania cases on point, this is the uniform view in other jurisdictions: Kytle v. Kytle, 128 Ga. 387, 57 S. E. 748; Baughan v. Brown, 122 Ind. 115, 23 N. E. 695; Vancleave v. Clark, 118 Ind. 61, 20 N. E. 527; Norwood v. Carter, 242 N. C. 152, 87 S. E. 2d 2, 50 A. L. R. 2d 608. See also discussion in 50 Am. Jur. §26, pp. 885-887, and 25 C. J. S. §79, p. 582.

In order to dispose of the matter and permit the parties to go to trial, we will consider the demurrer as a motion to strike the complaint and grant the motion with leave to plaintiff to plead over in conformity with this opinion. In such a pleading the damages must of

necessity be general in nature. If defendant, in preparing for trial, feels it essential to have the damages particularized, she can resort to discovery proceedings or obtain the necessary information when the case is pretried. . . .

### Order

And now, July 6, 1959, plaintiff's complaint in assumpsit is stricken with leave to plaintiff to plead over in conformity with the above opinion.