## THE STATE OF INDIANA *v.* CAMERON.

[No. 21,827.   Filed October 26, 1911.]

1. INTOXICATING LIQUORS.—*Sales by Druggists.*—*License.*—Under §§8351, 8352 Burns 1908, Acts 1907 p. 689, §§1, 2, providing, respectively, that no unlicensed person shall sell at retail intoxicating liquors and that such provision shall not apply to "any druggist or pharmacist who is licensed as such," and that "it shall be lawful for any druggist or pharmacist to sell" liquors upon written prescriptions of physicians and upon written applications of customers, unlicensed druggists or pharmacists are not permitted to sell liquor in any quantity, the words "any druggist or pharmacist" in the latter section meaning any "licensed" druggist or pharmacist, such construction being adopted as will harmonize the sections if possible.   p. 386.

2. INTOXICATING LIQUORS.—*Sales by Druggists.*—*Indictment.*—An indictment against a druggist for the unlawful sale of liquor is not required to charge that he was a licensed druggist, a want of such license constituting a defense to a prosecution as a druggist, but rendering defendant liable for a sale without a license as prohibited by §8351 Burns 1908, Acts 1907 p. 689, §1.   p. 387.

3. INDICTMENT.—*Following Statute.*—*Judicial Notice.*—*Druggists.* —*Intoxicating Liquors.*—Ordinarily it is sufficient to charge a crime in the language of the statute; and it is unnecessary to allege facts of which the courts take judicial notice, such as that unlicensed druggists cannot lawfully sell liquor.   p. 388.

4. INDICTMENT.—*Certainty.*—An indictment is sufficient where the offense is charged with such certainty that a judgment of conviction may be pronounced on the merits of the case.   p. 388.

5. CRIMINAL LAW.—*Directing Verdict.*—*Motion to Quash.*—A motion to direct a verdict in a criminal case cannot perform the office of a motion to quash the indictment.   p. 389.

From Steuben Circuit Court; *P. V. Hoffman,* Special Judge.

Prosecution by The State of Indiana against Robert Cameron.   From a judgment for defendant the State appeals.   *Appeal sustained.*

*Thomas M. Honan,* Attorney-General, *Thomas H. Branaman, Edward M. White* and *James E. McCullough,* for the State.

MYERS, J.—Appellee, a druggist, was indicted for selling

one pint of whisky to a named person for fifty cents, without obtaining from a physician, or the man himself, or any one else, a written prescription, application or order, as required by §8352 Burns 1908, Acts 1907 p. 689, §2. The affidavit did not charge that he was a licensed druggist. The cause was submitted to a jury for trial. The evidence shows that appellee had been engaged in the business of a druggist for more than ten years; that on January 28, 1910, in Fremont, Steuben county, Indiana, upon application of the prosecuting witness orally to him, at his drug store, for a pint of whisky, without any prescription from a physician, or application in writing, appellee, who was acquainted with the prosecuting witness, sold him a pint of whisky, for which the witness paid him fifty cents. Upon the introduction of this evidence the State rested its case, and the defendant moved that the court direct a verdict for the defendant, upon the ground that the evidence was not sufficient to make a *prima facie* case, which motion was sustained by the court, on the ground that it was necessary to charge in the indictment that defendant held a license from the State Board of Pharmacy, and that nobody but a licensed druggist could sell liquors on a physician's prescription, or upon a properly signed application by the superintendent of some institution.

It will be noted that only druggists dealing in certain articles, or compounding physicians' prescriptions, are required to take out a license as druggists or pharmacists. §9734 Burns 1908, Acts 1907 p. 317, §6.

Section 8351 Burns 1908, Acts 1907 p. 689, §1, undertakes to confine the sale of intoxicating liquors to those who are licensed for that purpose, but excepts wholesale dealers who are defined by the act, and druggists and pharmacists who are licensed as such. The same section provides that wholesale dealers shall not sell less than five gallons at a time. Any other person who sells without a license is guilty of a misdemeanor.

Section 8352 Burns 1908, Acts 1907 p. 689, §2, involving
the subject of regulation, restricts sales by druggists or
pharmacists to not less than one quart at a time, with further
restrictions as to obtaining a written prescription, or writ-
ten application, etc.   The result is that a licensed druggist
may, upon compliance with the provisions of the act, sell
not less than a quart at a time, but an unlicensed druggist
may not sell at all.   *Ryan* v. *State* (1910), 174 Ind. 468;
*State* v. *Pence* (1909), 173 Ind. 99, 25 L. R. A. (N. S.) 818.
In other words, construing §8351 and §9734, *supra,* together
as parts of one general system of laws upon the same gen-
eral subject, an unlicensed druggist cannot, under §8351,
*supra,* sell intoxicating liquors in any quantity.   If he is
licensed, under §9734, *supra,* he may sell not less than a
quart at a time, upon compliance with §8352, *supra,* and
the language of that section, that "it shall be lawful
for any druggist or pharmacist to sell," must mean "li-
censed" druggist or pharmacist, for §8351, *supra,* excludes
sales by any other person, for such construction must be
given to the various sections as will harmonize them if
possible.   The general scope and purpose of the various sec-
tions was to regulate the sale of intoxicating liquors as a
beverage, by restricting retail sales to licensed retailers un-
der regulative acts that control the character of the dealer
and the places and conditions of sales, with defined respon-
sibilities and punishment for their infractions, and at the
same time provide for sales for medicinal and scientific pur-
poses by others who qualify themselves by becoming licensed
druggists or pharmacists.   *State* v. *Bock* (1906), 167 Ind.
559.   They, too, under §§8352, 9734, *supra,* are subject to
severe penalties.   Sections 8351, 8352, *supra,* cover the
whole subject of sales of intoxicating liquors by druggists.

It does not follow, however, that the indictment under
§8352, *supra,* must charge that the druggist is a li-
2.   censed druggist, because the gravamen of the offense
is not that he is licensed, but that he sells in violation

of the other provisions of the law. Under that section, the fact that he was licensed would not protect him, and it could add nothing to allege or prove that he was a licensed druggist. If the fact be that he is a licensed druggist, the gravamen of the action is a sale without compliance with the conditions that authorize a sale by him. If as a druggist he falls within any proviso, that was a matter of defense. *Skelton* v. *State* (1910), 173 Ind. 462; *State* v. *Barrett* (1909), 172 Ind. 169.

If he was an unlicensed druggist, he should have been charged under §8351, *supra,* for selling without a license. *State* v. *Bock, supra.*

If the evidence showed that he was an unlicensed druggist, and therefore not properly charged, the defense he should have interposed, was that a variance was shown between the offense charged and the offense shown by the evidence. *Skelton* v. *State, supra.*

Ordinarily it is sufficient to charge an offense in the language of the statute; and that was done here. The court judicially knows that only licensed druggists or phar-

3.  macists can lawfully sell intoxicants in any quantity, and it is provided by statute (§2047 Burns 1908, Acts 1905 p. 584, §176), that matters of which judicial notice is taken, need not be stated in an indictment or information.

An indictment is sufficient where the offense charged is clearly set forth, and is charged with such a degree

4.  of certainty that the court may pronounce judgment upon a conviction according to the rights of the case. §2062, subds. 4, 5, Burns 1908, Acts 1905 p. 584, §191.

"No indictment * * * shall be deemed invalid, nor shall the same be set aside or quashed * * * for any of the following defects: * * * For any other defect or imperfection which does not tend to the prejudice of the substantial rights of the defendant upon the merits." §2063, subd. 10, Burns 1908, Acts 1905 p. 584, §192; *Skelton* v. *State, supra.*

Harrison Tp. *v.* Addison—176 Ind. 389.

It follows that the court was in error on the point upon which the verdict was directed, and for that reason the appeal must be sustained.

A motion to direct a verdict in a state case cannot be made to take the place of a motion to quash, or used to test

5. the sufficiency of an indictment, for the reasons set forth in the case of *State* v. *Beach* (1897), 147 Ind. 74, 77, 36 L. R. A. 179, and authorities cited.

The appeal is sustained at the costs of appellee.