## SHANK v. STATE OF INDIANA.

[No. 22,733. Filed April 14, 1915. Rehearing denied June 1, 1915.]

1. INTOXICATING LIQUORS.—*Statutes.*—*Repeal.*—Section 8349 Burns 1914, Acts 1907 p. 27, §13, prohibiting sales of intoxicating liquor by druggists or pharmacists except upon the written prescription of a reputable practicing physician, etc., necessarily limited such sales to those for medicinal purposes, covers the whole subject-matter of §8334 Burns 1914, Acts 1895 p. 248, §9½, and

provides a greater penalty for violation than that provided in the latter section, and hence repeals it by implication. p. 301.

2.　STATUTES.—*Repeal by Implication.*—The repeal of a statute by implication is not favored, but where a later act covers the whole subject-matter of a prior statute, adds offenses and prescribes different penalties, it will be construed as repealing the earlier law. p. 302.

3.　STATUTES.—*Repeal by Implication.—Statutes Enacted at Same Legislative Session.*—Where two acts of different dates but of the same legislative session are in question, the presumption against implied repeal is especially strong, although if there is an irreconcilable repugnancy in the two laws the later in point of time must prevail. p. 302.

4.　INTOXICATING LIQUORS.—*Sales by Druggists.—Statutes.*—Section 8352 Burns 1914, Acts 1907 p. 689, §2, making it lawful for a druggist to sell intoxicating liquors in quantities not less than a quart, either on prescription of a physician, if for medicinal uses, or on the purchaser's written application if for mechanical or scientific purposes, although enacted at the same session of the legislature subsequent to the enactment of §8349 Burns 1914, Acts 1907 p. 27, §13, does not repeal the latter by implication, but the two are to be construed together, and when so construed, §8349 governs in case of sales by druggists in less quantities than a quart at a time, while unlawful sales in quantities of a quart or more subject the offender to the penalties provided for violation of §8352, supra. (*State* v. *Cameron* [1911], 176 Ind. 385; *State* v. *Pence* [1909], 173 Ind. 99; and *Ryan* v. *State* [1910], 174 Ind. 468, distinguished.) p. 303.

5.　INTOXICATING LIQUORS.—*Sales by Druggists.—Instructions.—Harmless Error.*—In a prosecution against a druggist for the sale of intoxicating liquor in violation of §8349 Burns 1914, Acts 1907 p. 27, §13, an instruction to the jury to fix the punishment under the provisions of §8352 Burns 1914, Acts 1907 p. 689, §2, though erroneous, was harmless where the minimum penalty, which is the same under both sections, was imposed. p. 304.

6.　APPEAL.—*Review.—Irregularity in Selecting Jury.*—Alleged irregularity in the selecting of the jury, evidenced only by affidavits filed in the lower court in support of the motion for new trial, is not sufficiently shown. p. 305.

From Steuben Circuit Court; *Frank M. Powers*, Judge.

Prosecution by the State of Indiana against Erman Shank. From a judgment of conviction, the defendant appeals. (Transferred from Appellate Court under §1397 Burns 1914, Acts 1901 p. 565.) *Affirmed.*

*John G. Yeagley* and *Wm. A. McInery,* for appellant.

*Thomas M. Honan,* Attorney-General, and *Thomas H. Branaman,* for the State.

SPENCER, J.—Appellant, a licensed druggist, was tried and convicted on a charge of unlawfully selling intoxicating liquors. He appeals. The affidavit on which the prosecution is based alleges "that on the 13th day of September, 1913, at the county of Steuben, in the state of Indiana, one Erman Shank who was then and there a pharmacist, did then and there unlawfully sell unto Dick Johnson intoxicating liquor, to wit, one pint of whiskey, which sale was not upon the written prescription of a reputable physician in active practice of his profession."

At the close of the evidence, the court instructed the jury that "This affidavit is based upon Section 8352 of the Revised Statutes of Indiana, which reads as follows: 'It shall be lawful for any druggist or physician to sell vinous or spirituous liquors in quantities not less than a quart at a time for medicinal, industrial or scientific purposes, and for no other purposes, and then only upon the written (not printed or typewritten) prescription of a reputable physician in active practice, or upon the written and signed application of any other person who is personally known to such druggist or pharmacist and who is by him known not to be a person in the habit of using intoxicating liquors as a beverage, such person stating therein that such liquor is desired and will be used for medicinal, scientific or educational purposes only, and upon making such sale such druggist shall endorse in writing on such application a statement that in his opinion such liquor is desired for the purposes last above stated, and for no other purposes whatever; or upon the written and signed application of the superintendent of any hospital or educational institution where such liquor is used solely for medicinal or scientific purposes; and in no case shall any liquor sold hereunder be permitted by such drug-

gist or pharmacist to be drunk on the premises where sold.' ''
The instruction further quotes the statute by setting out its
provisions as to the filing and preserving of such prescrip-
tions and applications and also by setting out the several
penalties provided for therein, the minimum penalty for the
first offense being a fine in the sum of $50. The jury found
appellant guilty ''as charged in the affidavit'' and assessed
as his punishment that he be fined in the sum of $50.

Appellant contends that under the facts of this case no
prosecution could be maintained under the statute above
quoted but could only be governed by §8334 Burns 1914,
Acts 1895 p. 248, §9½, which reads as follows: ''It shall be
unlawful for any spirituous, vinous or malt liquors to be
sold or given away in any drug store in any quantity less
than a quart at a time, except upon the written prescription
of a reputable practicing physician. Any person violating
any of the provisions of this section shall be fined for the
first offense the sum of $25,'' etc. The statute last
1. quoted was enacted by the General Assembly of 1895
as §9½ of the so-called Nicholson Law, which mani-
festly made no effort to prohibit sales by druggists of in-
toxicating liquors in quart quantities or more, nor did it, in
express terms, prohibit the refilling of prescriptions or re-
quire their filing, preservation or cancellation. In 1907 the
General Assembly passed further legislation designed to
regulate the sale of intoxicating liquors and provided that
''It shall be unlawful for any druggist or pharmacist to
sell, barter or give away intoxicating liquor or liquors except
on the written prescription of a reputable physician engaged
in active practice of his profession. Any physician issuing
such a prescription shall date the same, and show thereon the
full and true name of the person to whom it is issued, and
said physician shall sign the same, giving his full name and
residence; the druggist or pharmacist selling such liquor or
liquors thereon shall write on said prescription the date of

such sale, the full and true name of the person to whom such sale is made, and shall carefully file and preserve such prescription for two years from such date; such prescription shall be canceled by writing or stamping on it the word 'canceled', and no second or other subsequent sale shall be made on said prescription. Any person violating any of the provisions of this section shall upon the first conviction be fined in any sum not less than fifty ($50) dollars nor more than two hundred dollars ($200), and for the second or any subsequent offense such person shall be fined in any sum not less than one hundred ($100) dollars nor more than five hundred ($500) dollars, to which shall be added imprisonment in the county jail of not less than thirty days nor more than six months." §8349 Burns 1914, Acts 1907 p. 27. This statute was §13 of an act approved February 13, 1907, and had as its evident purpose the prohibition of sales of intoxicating liquors by druggists, regardless of quantities, except on prescription of a reputable practicing physician. It necessarily limited such sales to those for medicinal purposes as the very nature of a physician's prescription would exclude the idea of a scientific or mechanical use. The minimum penalty prescribed for a violation of §8334, *supra,* was a fine of $25 while that for the offense defined in the statute just set out is $50. Although repeals by implica-

2. tion are not favored still it is well settled that a later act, which covers the whole subject-matter of a former statute, adds offenses and prescribes different penalties for those enumerated in the earlier law, must be construed as repealing the former enactment. *State* v. *Christman* (1879), 67 Ind. 328. The statutes under consideration fall within the rule just stated and it must be held that §8334, *supra,* was repealed by §8349, *supra.*

Later in its session the General Assembly of 1907 passed a second act designed to regulate the sale of intoxi-

3. cating liquors and §8352 Burns 1914, Acts 1907 p. 689, on which the trial court based its instruction,

was §2 of that act.   The question now arises, Does §8352 repeal §8349 passed at the same legislative session?   Where two acts of different dates but of the same legislative session are in question, the presumption against implied repeal is especially strong, although if there is an irreconcilable repugnancy in the two laws the later in point of time must prevail.   *Cleveland, etc., R. Co.* v. *Blind* (1914), 182 Ind. 398, 105 N. E. 483, 492.   Section 8349 made it *unlawful* for a druggist or pharmacist to sell any quantity of liquor without a physician's prescription and necessarily limited such sale to medicinal uses.   Section 8352 provides that it shall be *lawful* for a druggist to sell in quantities not less than a *quart,* not only for medicinal use but for scientific and mechanical purposes, either on prescription (if for medicinal use) or on the purchaser's written application (if for mechanical or scientific purposes).   The prescription provisions are not so stringent in the latter act as in the former.   Both acts by necessary implication exclude any sale for beverage purposes, and each is restrictive.   The minimum penalty for violation is the same in each act but in §8352 the maximum penalty is less than in §8349 and it omits imprisonment as a penalty for the second offense.   Some of the evils at which §8349, *supra,* was aimed were the continued refilling of prescriptions, and sales made on those which were undated, vague and indefinite or given by physicians not in regular practice.   Usually such prescriptions called for less than a quart and to prevent such practices the statute provided stringent regulations governing prescriptions and their preservation and fixed a penalty for a second violation of any of its provisions at a maximum imprisonment for six months.   If §8352 is to be construed as repealing §8349, we must hold that it was the legislative intent to withdraw imprisonment as a punishment for the second or subsequent offense of illegally selling less than a quart of liquor.   We are not of that opinion nor do we believe that it was intended to compel physicians to pre-

scribe not less than a quart of intoxicants for medicinal use when it is a matter of common knowledge that it is rarely necessary to prescribe so great a quantity at a time. Certainly it was not the legislative intent to compel a physician to prescribe and a patient to purchase a quart of spirituous liquors when but a small portion thereof could be legitimately used. The language of the earlier act is prohibitive while that of the latter is permissive and they should be construed together. So construed we hold that sales by druggists and pharmacists of intoxicating liquors in quantities less than a quart are governed by §8349, supra, with its more stringent regulations and severer penalties while unlawful sales in quantities of a quart or more subject the offender to the punishment provided in §8352, supra. In this connection it may be noted that in the case of State v. Cameron (1911), 176 Ind. 385, §8349 was not under consideration and reference to it was inadvertently omitted from the statement in that opinion that "Sections 8351, 8352, supra, cover the whole subject of sales of intoxicating liquors by druggists." The cases of State v. Pence (1909), 173 Ind. 99, 140 Am. St. 240, 25 L. R. A. (N. S.) 818, 20 Ann. Cas. 1180, and Ryan v. State (1910), 174 Ind. 468, Ann. Cas. 1912 D 1341, do nothing more than to define the scope of §8352 and have reference to the conditions under which the sales authorized by that statute are to be made.

Although the court erred in instructing the jury to fix the punishment under the provisions of §8352, the error was harmless since the minimum penalty is the same under either statute while the maximum is heavier in §8349. Appellant also complains of the giving by the court of instructions Nos. 1 and 3 tendered by appellee and challenges the sufficiency of the indictment as against a motion to quash. We deem it unnecessary to set out these contentions at length, it being enough to say that substantially every point thus presented has been decided adversely

to appellant and that none of the rulings contain reversible error.

Finally, it is insisted that the jury in the case was irregularly selected. The irregularity complained of does not appear in the record but is evidenced only by affi-

6. davits filed in support of the motion for a new trial. This is insufficient. *Taylor* v. *Schradsky* (1912), 178 Ind. 217; *Dorsey* v. *State* (1913), 179 Ind. 531.

We may concede that the evidence given at the trial was meagre on some of the issues involved but we can not say that it is insufficient to sustain the verdict. Judgment affirmed.

NOTE.—Reported in 108 N. E. 521. As to repeal of statute by implication, see 14 Am. Dec. 209; 88 Am. St. 271. See, also, under (1) 36 Cyc. 1077; (2) 36 Cyc. 1077, 1071; (3) 36 Cyc. 1086; (4) 36 Cyc. 1073; (5) 12 Cyc. 930; (6) 12 Cyc. 866.