## HOLLON v. STATE OF INDIANA.

[No. 23,105. Filed November 10, 1916. Rehearing denied June
8, 1917.]

1. INTOXICATING LIQUORS.—*Sales by Druggists.*—*License.*—*Stat-
utes.*—In a prosecution under §8351 Burns 1914, Acts 1907 p.
689, making it an offense for any person to keep, run or operate
a place where intoxicating liquors are sold in violation of law
and providing that none of the provisions of the statute shall
apply to any druggist or pharmacist licensed as such by the
State board of pharmacy, a druggist not so licensed cannot avail
himself of the exception in favor of licensed pharmacists and
may be prosecuted under such section, rather than §§8349,
8352 Burns 1914, Acts 1907 p. 27, 32, Acts 1907 p. 690, which
apply regardless of license. (*Shank* v. *State* [1915], 183 Ind.
298, explained.) p. 375.

2. CRIMINAL LAW.—*Appeal.*—*Instructions.*—*Failure to Include
in Bill of Exceptions.*—*Presumptions.*—When, in a criminal
case, it is not affirmatively shown by the bill of exceptions that

Hollon *v.* State—186 Ind. 374.

it contains all the instructions given, no question is presented for review as to the giving or refusal of instructions, as it will be presumed in such case that others were given covering the substance of those requested and refused and that, if the bill sets out instructions which are erroneous, they were corrected or withdrawn by other instructions not set forth in the record. p. 376.

From Pike Circuit Court; *John L. Bretz,* Judge.

Prosecution by the State of Indiana against Henry Hollon. From a judgment of conviction, the defendant appeals. *Affirmed.*

*Harry W. Carpenter* and *Alvin Padgett,* for appellant.

*Evan B. Stotsenburg,* Attorney-General, *Thomas H. Branaman* and *Stanley M. Kreig,* for the State.

SPENCER, J.—Appeal from a judgment of conviction based on an affidavit which charges appellant with keeping, running and operating a place where intoxicating liquors were unlawfully sold. In support of his assertion that the verdict of the jury is contrary both to law and to the evidence given at the trial appellant contends that, as a retail druggist, even though unlicensed as such, he is not liable to prosecution under §8351 Burns 1914, Acts 1907 p. 689, on which the affidavit is based; that a druggist who sells intoxicating liquors unlawfully may be prosecuted under either §8349 (Acts 1907 p. 27, 32)· or §8352 Burns 1914 (Acts 1907 p. 690) and under no other law. Section 8351, *supra,* provides, in part, that "any person who shall keep, run or operate a place where intoxicating liquors are sold, bartered or given away in violation of the laws of the state  *  *  *   shall be guilty of a misdemeanor," etc. It provides further "that none of the provisions of this section shall apply to any druggist or pharmacist who is licensed as such by the state board of pharmacy."

In the case of *State* v. *Cameron* (1911), 176 Ind. 385, 96 N. E. 150, this court passed on substantially the same question which is now presented for consideration and held, in effect, that although a druggist need not take out a license in order lawfully to deal in certain articles of trade, yet he must be licensed by the State Board of Pharmacy before he may sell intoxicating liquors or operate a place where the same are sold in any quantity under the exception contained in the statute above quoted. It is true that in the case of *Shank* v. *State* (1915), 183 Ind. 298, 304, 108 N. E. 521, we noted that reference to §8349 Burns 1914, *supra,* was inadvertently omitted from the statement in *State* v. *Cameron, supra,* that "sections 8351, 8352, *supra,* cover the whole subject of sales of intoxicating liquors by druggists," but the correction thus made in no way served to disapprove the holding in the Cameron case and, on a present review of the question in issue, we are satisfied with the conclusions therein reached. Appellant makes no contention that, in this view of the case, the evidence is insufficient to sustain his conviction.

Certain questions are sought to be presented as to instructions given and refused, but it does not appear from the bill of exceptions containing such instructions whether it contains all of the instructions in the case. As said in *State* v. *Winstandley* (1898), 151 Ind. 495, 496, 51 N. E. 1054: "When, in a criminal case, it is not affirmatively shown by the bill of exceptions that it contains all the instructions given by the court to the jury, this court must presume that such bill of exceptions does not contain all the instructions given. *Cooper* v. *State*, 120 Ind. 377, 383, 384. In such case the presumption is that the substance of the instructions asked was embraced in the instructions given by the court which are not con-

tained in the bill of exceptions, and that, if any instructions given by the court, and set out in the bill of exceptions, are erroneous, they were corrected or withdrawn by other instructions given by the court, and not set forth in the record." We may not, therefore, consider the instructions given and refused, but it is sufficient to note that our conclusions above stated serve to dispose of the principal questions thus sought to be presented. No error appearing, the judgment of the trial court is affirmed.

NOTE.—Reported in 114 N. E. 5. See under (1) 23 Cyc 189; 38 Am. Rep. 345; (2) 12 Cyc 871.