## BENNETT *v.* STATE OF INDIANA.

### [No. 23,513. Filed June 26, 1919.]

1. INDICTMENT AND INFORMATION.—*Assault and Battery with Intent.—Motion to Quash.*—A motion to quash an indictment for assault and battery with intent to commit murder, when directed to the whole indictment, should be overruled where the assault and battery is sufficiently charged.   p. 381.

2. HOMICIDE. — *Appeal. — Defective Indictment.* — One who is charged with assault and battery with intent to commit murder, and who is convicted of assault and battery only, cannot justly complain that the indictment does not sufficiently charge the felonious intent to murder.   p. 382.

3. CRIMINAL LAW.— *Appeal.— Presumptions.*— The burden of making an affirmative showing of error is on the complaining party, and, in the absence of such showing, the court on appeal, as a general rule, will indulge all reasonable presumptions in favor of the rulings of the trial court.   p. 382.

4. CRIMINAL LAW.— *Appeal. — Presumptions. — Instructions.* — Where all the instructions are not in the record and the defendant complains that, after proper and timely request to instruct the jury in writing, the judge read the indictment and the section of the statute defining the offense charged without copying them into the written instructions, it will be presumed on appeal, in the absence of affirmative showing to the contrary, that the judge complied with the request, either by copying the parts objected to into the instructions before reading them, or, on objection being made, by rereading the same after copying them into the instructions.   p. 382.

5. CRIMINAL LAW.—*Appeal.—Record.—Motion for New Trial.*— Alleged errors that the verdict of the jury is contrary to law and that it is not sustained by the evidence, assigned as grounds for a new trial, present no question for review in the absence of the evidence from the record.   p. 386.

6. CRIMINAL LAW.—*Appeal.—Briefs.*—Alleged error of the court in finding for the state on the defendant's plea in abatement presents no question for review where such defendant fails to set out in his brief a copy, or the substance, of such plea and fails to show in the brief what disposition was made thereof. p. 386.

7. CRIMINAL LAW.—*Plea.*—*Standing Mute.*—Where the defendant stands mute or refuses to plead to the charge, it is the duty of the court to enter a plea of not guilty.   p. 386.

From Greene Circuit Court; *Thomas Van Buskirk,* Special Judge.

Prosecution by the State of Indiana against Stanley Bennett. From a judgment of conviction, the defendant appeals. *Affirmed.*

*Charles C. Whitlock* and *Webster V. Moffett,* for appellant.

*Ele Stansbury,* Attorney-General, and *Dale F. Stansbury,* for the state.

WILLOUGHBY, J.—This was a prosecution against appellant and another by indictment under §2240 Burns 1914, Acts 1905 p. 584, §352, for assault and battery with intent to commit murder. The appellant was tried separately by jury, and a verdict was rendered finding him guilty of assault and battery only. Judgment was rendered on the verdict and defendant appeals. The errors relied on for reversal are:  (1) Error in overruling appellant's motion to quash the indictment. (2) Error in the court overruling appellant's motion for a new trial.

The indictment, omitting the formal parts and signature, is as follows:  "That at Green County, in the State of Indiana, on the 4th day of December, 1917, one Stanley Bennett and William Stevenson did then and there unlawfully and feloniously, and in a rude and insolent and angry manner touch, beat, strike, kick and wound Will R. Vosloh, with the felonious intent, then and there and thereby to kill and murder said Will Vosloh."

A motion to quash was directed to the whole indictment. If it was good as an indictment for assault

1. and battery only, the motion was correctly over-

ruled. *Greer* v. *State* (1875), 50 Ind. 267, 19 Am. Rep. 709; *McGuire* v. *State* (1875), 50 Ind. 284; *Stucker* v. *State* (1908), 171 Ind. 441, 84 N. E. 971.

Appellant insists that the indictment does not correctly charge the felonious intent to murder. The indictment sufficiently charges the commission of 2. the crime of assault and battery as defined by §2242 Burns 1914, Acts 1905 p. 584, §354, and, as the accused was convicted of assault and battery only, he is not in a position to complain or insist that the indictment does not sufficiently charge the felonious intent. Having been convicted of assault and battery only, the sufficiency of the indictment as to the intent presents a moot question which we are not required to decide. *Stucker* v. *State, supra. Parks* v. *State* (1902), 159 Ind. 211, 215, 64 N. E. 862, 59 L. R. A. 190.

There is no attempt to bring any evidence into the record. There is no bill of exceptions purporting to contain the evidence or any part of it. There is in the record a bill of exceptions containing certain instructions given by the court and certain instructions requested by the defendant and refused by the court, but it does not appear from said bill of exceptions that it contains all of such instructions given or tendered and refused.

Appellant claims that the court erred in this, that the appellant made a proper and timely motion to require the court to instruct the jury in writing, 3. but that, notwithstanding such request, the judge read, in giving his instructions in the case, the original indictment, and in another instruction he 4. read §2240 Burns 1914, *supra,* from the printed volume. The bill of exceptions does not show affirmatively that the judge did not copy said indictment and §2240, *supra,* into his written instructions filed in the case. For aught that appears in the bill of excep-

tions, he may have had them copied in his instructions before reading, or, when objection was made, he may have then copied said statute and indictment into his instructions, and then reread them. In *Smurr* v. *State* (1883), 88 Ind. 504, cited by appellant, the court said: "It is proper, of course, for the court to make extracts, which are law and applicable to the case, from any law book, and to copy the same in its written charge and to read the charge containing such extracts to the jury." The bill of exceptions does not show that this was not done. Therefore we must presume that it was done. As a general rule the appellate court, in the absence of a showing in the record to the contrary, will indulge all reasonable presumptions in favor of the correctness of the judgment or rulings of the trial court, and will presume that the proceedings had in the progress of the cause were regular and free from error. In order to overcome such presumption, error must affirmatively be shown by the record, and the burden of so showing it is on the party, usually defendant, complaining of the error. 17 C. J. 213-215; *Bader* v. *State* (1911), 176 Ind. 268, 94 N. E. 1009; *Woodward* v. *State* (1910), 174 Ind. 743, 93 N. E. 169; *Campbell* v. *State* (1897), 148 Ind. 527, 47 N. E. 221; *Duncan* v. *State* (1913), 110 Ark. 523, 162 S. W. 573; *Niswonger* v. *State* (1913), 179 Ind. 653, 102 N. E. 135, 46 L. R. A. (N. S.) 1. In the absence of an affirmative showing of error, the presumption is that the ruling of the trial court was correct. *Malone* v. *State* (1912), 179 Ind. 184, 100 N. E. 567; *Woodward* v. *State, supra; Campbell* v. *State, supra.*

In *Hollon* v. *State* (1917), 186 Ind. 374, 114 N. E. 5, the court said: "Certain questions are sought to be presented as to instructions given and refused, but it does not appear from the bill of exceptions containing such instructions whether it contains all of the instruc-

tions in the case.  As said in *State* v. *Winstandley*
(1898), 151 Ind. 495, 496, 51 N. E. 1054: 'When, in a
criminal case, it is not affirmatively shown by the bill
of exceptions that it contains all the instructions given
by the court to the jury, this court must presume that
such bill of exceptions does not contain all the instruc-
tions given.  *Cooper* v. *State*, 120 Ind. 377, 383, 384.
In such case the presumption is that the substance of
the instructions asked was embraced in the instructions
given by the court which are not contained in the bill of
exceptions, and that, if any instructions given by the
court, and set out in the bill of exceptions, are erroneous,
they were corrected or withdrawn by other instructions
given by the court, and not set forth in the record.' "
*Pence* v. *Waugh* (1893), 135 Ind. 143, 34 N. E. 860;
*Board, etc.* v. *Nichols* (1894), 139 Ind. 611, 38 N. E.
526; *Musgrave* v. *State* (1892), 133 Ind. 297, 32 N. E.
885; *Forsyth* v. *Wilcox* (1895), 143 Ind. 144, 41 N. E.
371.

In *Robb* v. *State* (1896), 144 Ind. 569, 43 N. E. 642,
complaint was made of misconduct of the prosecuting
attorney in his opening statement to the jury, and this
court held that it would presume that the trial court, in
its instructions, withdrew any such misstatements of a
prejudicial character, and directed the jury to disregard
them, for the reason that all the instructions given were
not in the record.  The court in that case, at page 572,
said:  "However, it is the duty of this court to indulge
all reasonable presumptions in favor of the action of the
trial court, and in doing so in this instance we must pre-
sume, the contrary not appearing, that the court in its
charges to the jury withdrew any misstatements, of a
prejudicial character, and directed the jurors to ignore
them."  If the presumption in such a case is that the
trial court withdrew the improper statements of the
prosecuting attorney and directed the jury to disregard

them, it certainly follows that, if the instructions are not all in the record, and any instruction contained therein is erroneous, it will be presumed, not only that the same was corrected, or the defect therein supplied by other instructions given, and omitted from the record, but that the same was withdrawn, and the jury directed to disregard it, if such presumption is necessary to prevent a reversal of the cause.

Applying the same reasoning to the case now before the court, the court must presume, nothing in the record affirmatively appearing to the contrary, that the court withdrew the oral instructions, claimed by appellant to have been given, and substituted therefor written instructions, and that, when objection was made to the reading of §2240 Burns 1914, *supra*, the court copied such section into its instructions and reread it, and that the indictment was copied into its written instructions as a part thereof.

Judge Elliott, in his work on Appellate Procedure, §709, said: "If the appellate tribunal is compelled to resort to presumptions it will choose that which sustains the proceedings of the trial court and reject that which would overthrow them. If the condition of the record is such as to require the higher court to act upon a presumption it will, without hesitation, adopt the presumption that upholds the judgment from which the appeal is prosecuted."

In this case, the bill of exceptions failing to show affirmatively that the court did not comply with the written request of the parties that instructions be given in writing, we must presume that the trial court complied with the law in that particular. In the absence of the evidence, and the bill of exceptions containing the instructions not showing affirmatively that it contains all the instructions given, no question is presented to this

court on giving or refusing instructions. *Hollon* v. *State, supra; State* v. *Winstandley, supra.*

In his motion for a new trial, appellant says the verdict of the jury is contrary to law and the verdict of the jury is not sustained by the evidence, but, in the

5. absence of the evidence, we cannot consider either of these alleged errors. §2165 Burns 1914, Acts 1905 p. 584, §289.

Appellant alleges that the court erred in finding for the state on appellant's plea in abatement to the indictment, but he does not set out in his brief any

6. copy of the alleged plea in abatement, or state the substance of it, and there is nothing in said brief to show what disposition was made of said plea.

7. He does not disclose whether it was disposed of by demurrer, or whether an issue of fact was formed and evidence heard. Under such circumstances, nothing is presented to this court for decision concerning said plea in abatement. The burden is on the appellant to show error in the record and proceedings of the trial court. *Malone* v. *State, supra.* Appellant contends that the court erred in entering a plea of "not guilty" for defendant, Stanley Bennett, when said defendant stood mute in court, and in forcing said defendant to trial in said court without first rendering judgment upon said defendant's plea in abatement and requiring defendant to plead over to said indictment. In this contention appellant is wrong. If a defendant stand mute or refuse to plead to an indictment or affidavit, a plea of not guilty must be entered by the court, and the trial proceed. §2072 Burns 1914, Acts 1905 p. 584, §201; *Weaver* v. *State* (1882), 83 Ind. 289.

No error appearing, the judgment of the trial court is affirmed.

NOTE.—Reported in 123 N. E. 797.