## STRAW v. STATE OF INDIANA.

[No. 24,817.   Filed November 20, 1925.   Rehearing denied May 11, 1926.]

1. CRIMINAL LAW.—*On appeal by defendant in a criminal case, only evidence in support of the verdict will be considered, and, if there is evidence tending to support the verdict on every material point, it must be sustained.*—On appeal by the defendant in a criminal case, the court will consider only the evidence in support of the verdict, and if there is some evidence tending to support the verdict on every fact essential to the verdict, it must be sustained, and the court cannot consider any evidence contradicting, or tending to contradict, the evidence in support of the verdict.   p. 609.

2. RAPE.—*Evidence held to sustain conviction for assault and battery with intent to commit rape.*—In a prosecution for rape on a girl under fifteen years of age, the evidence *held* to sustain conviction for assault and battery with intent to commit rape.   p. 610.

3. CRIMINAL LAW.—*Appellate tribunal cannot weigh the evidence, and, in prosecution for rape, whether prosecuting witness was unworthy of belief and her story of her downfall false were conclusively settled by the verdict finding defendant*

Straw *v*. State—197 Ind. 606.

*guilty.*—An appellate tribunal cannot weigh the evidence, and in a prosecution for rape, whether the prosecuting witness was unworthy of belief and her story connecting the defendant with her downfall false were conclusively settled by the verdict of the jury finding him guilty. p. 610.

4. RAPE.—*In prosecution for rape, there may be conviction of assault and battery with intent to commit rape although rape was actually committed.*—In a prosecution for rape, there may be a conviction of assault and battery with intent to commit rape although the rape was actually committed. p. 610.

5. CRIMINAL LAW.—*Conviction may be had for assault and battery with intent to commit a felony although the felony was actually committed.*—There may be a conviction of assault and battery with intent to commit a felony although the felony was actually committed. p. 610.

6. CRIMINAL LAW.—*On appeal in a criminal case, no question is presented as to the giving of instructions where it does not appear from bill of exceptions containing, the instructions whether it contains all instructions given.*—On appeal from a conviction, no question is presented as to the giving of instructions where it does not appear from the bill of exceptions containing the instructions that it contains all of the instructions given in the case. p. 611.

7. CRIMINAL LAW.—*On appeal in criminal case, it is presumed that the bill of exceptions containing the instructions does not contain all of those given, in the absence of an affirmative showing, that it does contain all of them.*—On appeal in a criminal case, when it is not affirmatively shown by the bill of exceptions containing the instructions that it contains all the instructions given by the court, the Supreme Court must presume that such bill does not contain all of such instructions. p. 611.

8. CRIMINAL LAW.—*On appeal in a criminal case, where not affirmatively shown by bill of exceptions that it contains all instructions given, the presumption is that any erroneous instruction given was corrected or withdrawn by other instructions which are not in the record.*—On appeal in a criminal case, where the bill of exceptions containing the instructions does not affirmatively show that it contains all that were given, the presumption is that if an erroneous instruction was given, it was corrected or withdrawn by other instructions which are not set forth in the record. p. 611.

9. CRIMINAL LAW.—*Trial court presumed to have complied with request that instructions be given in writing in absence of showing by bill of exceptions that court did not do so.*—On appeal in a criminal case, the Supreme Court will presume

that the trial court complied with defendant's request that the instructions be given in writing, where it is not shown by a bill of exceptions that the court did not do so. p. 612.

10. CRIMINAL LAW.—*Appellate tribunal will indulge all reasonable presumptions in favor of the correctness of trial court's rulings and judgment, and will presume that its proceedings were free from error.*—An appellate tribunal will indulge all reasonable presumptions in favor of the correctness of the trial court's rulings and judgment, and will presume that its proceedings were free from error. p. 612.

11. CRIMINAL LAW.—*On appeal, error must be affirmatively shown by the record, and burden of so showing is on party claiming it.*—To overcome the presumption of the correctness of the rulings and judgment of the trial court, any error claimed to have been committed must be affirmatively shown by the record on appeal, and the burden of so showing is upon the party claiming it. p. 612.

12. CRIMINAL LAW.—*When a verdict is not in legal or proper form, it is court's duty to send jury back to correct it.*—When the jury returns a verdict which is not in legal or proper form, it is the duty of the trial court to send the jury back to correct the verdict. p. 612.

13. CRIMINAL LAW.—*Verdict of jury that appears in record on appeal is controlling, and constitutes only verdict in the case, although another verdict was brought in which was not in legal or proper form.*—The verdict of a jury that appears in the record on appeal is controlling, and constitutes the only verdict in the case, although the jury may have brought in another verdict which was not in legal or proper form, and which the court directed the jury to correct. p. 612.

14. CRIMINAL LAW.—*Where verdict is so uncertain that court cannot understand it, or it is clearly not in compliance with the law, court should send jury back with instructions as to form of proper verdict.*—Where a verdict is so uncertain that the court cannot understand it, or it is clearly not in compliance with the law, it is the duty of the court to send the jury back with instructions as to the form of a proper verdict. p. 613.

15. CRIMINAL LAW.—*Direction of the court as to form and character of verdict not an "instruction" within the meaning of the statute, and need not be in writing although request had been made that all instructions be given in writing.*—A direction by the court as to the form or character of the verdict is not an "instruction" within the meaning of the statute, and need not be in writing although written instructions had been requested at the beginning of the trial. p. 613.

16. CRIMINAL LAW.—*Sending a jury back to correct its verdict does not constitute second jeopardy.*—Sending a jury back to correct its verdict does not constitute a second jeopardy. p. 614.

17. CRIMINAL LAW.—*No person excepting the judge can receive a verdict.*—No person excepting the judge can receive a verdict. p. 614.

18. CRIMINAL LAW.—*Verdict so improper in form that no judgment could be rendered thereon was really no verdict, and was properly rejected by the court.*—A verdict so improper in form that judgment could not be rendered thereon was really no verdict, and was properly rejected by the court. p. 614.

19. CRIMINAL LAW.—*Request for oral argument must be made in a separate petition under Rule 26 of the Supreme Court, and cannot be included in appellant's brief.*—Rule 26 of the Supreme Court requires a request for oral argument to be on a separate petition in writing, and a statement at the end of appellant's brief that he asks for oral argument does not comply with the rule. p. 614.

From Clark Circuit Court; *James W. Fortune,* Judge.

Roy Straw was convicted of assault and battery with intent to commit rape, and he appeals. *Affirmed.*

*L. A. Douglass* and *Claude B. McBride,* for appellant.

*Arthur L. Gilliom,* Attorney-General and *George M. Barnard,* for the State.

WILLOUGHBY, C. J.—The appellant was convicted of assault and battery with intent to commit the crime of rape upon a female child under the age of sixteen years. From the judgment he appeals. The only questions discussed in his brief arise upon the action of the court in overruling his motion for a new trial.

He says the verdict of the jury is not sustained by sufficient evidence and, under this specification, he asks us to reverse the judgment on the weight of the 1. evidence. The rule in cases of this kind is that only the evidence in support of the verdict of the jury can be considered, and if the evidence tending to

support the verdict contains some evidence on every essential fact necessary to support the verdict, the verdict must be sustained, and this court cannot consider any evidence contradicting or tending to contradict the evidence in support of the verdict.

The evidence shows that the complaining witness was fifteen years old on September 15, 1923, and that the defendant assaulted her and had sexual intercourse with her on August 8, 1923. It also appears from the evidence that the act was committed in Clark county, in the State of Indiana. It thus appears from the evidence that all the material facts constituting the offense are proved.

The appellant says that the prosecuting witness is unworthy of belief and her story connecting appellant with her downfall is false. These were questions for the jury in trying the case and a verdict having been rendered by the jury, we are not at liberty to interfere. We cannot weigh the evidence. See *Deal* v. *State* (1895), 140 Ind. 354; *Lee* v. *State* (1901), 156 Ind. 541; *Williams* v. *State* (1905), 165 Ind. 472, 2 L. R. A. (N. S.) 248; *Lee* v. *State* (1921), 191 Ind. 515.

In *Chesterfield* v. *State* (1923), 194 Ind. 282, it was held that a verdict of assault and battery with intent to commit a rape, in a prosecution for statutory rape, is sufficiently sustained upon the evidence of the prosecutrix of the commission of the crime and evidence that she was under sixteen years of age. There may be a conviction of assault and battery with intent to commit a felony although the felony is actually committed. *Hamilton* v. *State* (1871), 36 Ind. 280, 10 Am. Rep. 22; *Polson* v. *State* (1893), 137 Ind. 519.

The appellant claims that the court erred in giving certain verbal instructions which he alleges were given although the appellant had requested that the instruc-

tions be given in writing. In the transcript ap-
6. pear certain instructions given by the court at the
request of the state and certain instructions ten-
dered by the state and given; but the instructions ten-
dered by appellant and given by the court are numbered
in blank and no exceptions appear to be reserved to
the giving of the instructions tendered by the state and
given. It further appears that the instructions in this
case were not brought into the record by a bill of ex-
ceptions. There is no bill of exceptions bringing into
the record all of the instructions given in said case. It
has been held that no question is presented as to the giv-
ing of instructions where it does not appear from the
bill of exceptions containing such instructions whether
or not it contains all the instructions given in the case.
*Hollan* v. *State* (1916), 186 Ind. 374; *Bennett* v. *State*
(1919), 188 Ind. 380.

When in a criminal case it is not affirmatively shown
by the bill of exceptions that it contains all the instruc-
tions given by the court to the jury, this court
7. must presume that such bill of exceptions does
not contain all instructions given. *Cooper* v.
*State* (1889), 120 Ind. 377.

In such cases the presumption is that the substance
of the instructions asked was embraced in the instruc-
tions given by the court which are not contained
8. in the bill of exceptions, and that if any instruc-
tions given by the court, and set out in the bill
of exceptions, are erroneous they were corrected or
withdrawn by other instructions given by the court and
not set forth in the record. *Pence* v. *Waugh* (1893),
135 Ind. 143; *Musgrave* v. *State* (1892), 133 Ind. 297.

In the case of *Bennett* v. *State, supra,* where it was
claimed by appellant that §2240 Burns 1914, was read
as a part of the instructions in the case, after the ap-
pellant had requested that the instructions be given in

writing, it was held that this court must presume, nothing in the record affirmatively appearing to the contrary, that the court withdrew the oral instructions claimed by appellant to have been given and substituted therefor written instructions, and that, when objection was made to the reading of §2240, *supra*, the court copied such section into its instructions and reread it.

In the instant case, there being no bill of exceptions showing affirmatively that the court did not comply with the written request of the party that the instructions be given in writing, we must presume that the trial court complied with the law in that particular. As a general rule, the appellate court, in the absence of a showing in the record to the contrary, will indulge all reasonable presumptions in favor of the correctness of the judgment and rulings of the trial court, and will presume that proceedings had were free from error. In order to overcome such presumption, error must be shown affirmatively by the record, and the burden of so showing is upon the party complaining of it. *Bader* v. *State* (1911), 176 Ind. 268; *Woodward* v. *State* (1910), 174 Ind. 743.

In the absence of an affirmative showing of error, the presumption is that the ruling of the trial court is correct. *Malone* v. *State* (1913), 179 Ind. 184.

No reversible error being shown in the record, the judgment is affirmed.

### On Petition for Rehearing.

Willoughby, J.—The appellant claims, in his petition for a rehearing, that two separate verdicts were returned in this case and that this matter was presented by the record and briefed in argument and that the court did not consider or pass upon it. Appellant also claims that the record affirmatively shows that the judgment was upon the second verdict.

He also claims that the court did not pass upon the question of former jeopardy which he claims was presented by the record and briefs. He also claims that no notice was taken of his request for oral argument. The record, however, shows that only one verdict was returned and received by the court, and upon that verdict, judgment was rendered. The record shows that the jury came in with a verdict which was not in legal or proper form and the court sent the jury back to correct the verdict. This it was the duty of the court to do. The jury returned with a verdict in proper form, which the court accepted and ordered spread upon the record and judgment was entered on such verdict. The verdict is a part of the record proper and the record is the appropriate and only necessary place where it should appear. The verdict as it appears in the record is controlling. 4 C. J. 157; *Vest* v. *State* (1910), 174 Ind. 556; *Harris* v. *State* (1900), 155 Ind. 15; *Wilson* v. *State* (1901), 156 Ind. 631; *Daube* v. *Philadelphia, etc., Iron Co.* (1897), 77 Fed. 713, 23 C. C. A. 420.

If a verdict is so uncertain that the court cannot understand it and is clearly not in compliance with the law, it is the duty of the court to send the jury back with proper instructions as to the mode of framing a verdict. This the court did, and, in so doing, no error was committed. *Crocker* v. *Hoffman* (1874), 48 Ind. 207; *Reed* v. *Thayer* (1857), 9 Ind. 157; *Noble* v. *Epperly* (1855), 6 Ind. 468; *Tyrrell* v. *Lockhart* (1832), 3 Blackf. (Ind.) 136; 1 Watson, Revision Works' Practice §839; *Pehlman* v. *State* (1888), 115 Ind. 131.

Instructions given under such circumstances by the court as to the form or character of the verdict need not be in writing, although written instructions had been requested at the beginning of the trial. *Bradway* v. *Waddell* (1884), 95 Ind. 170; *Peelle*

v. *State* (1903), 161 Ind. 378; *Herron* v. *State* (1897), 17 Ind. App. 161.

This correction of the verdict does not constitute a second jeopardy. *Pehlman* v. *State, supra.* The first verdict brought in by the jury was defective and it was proper for the court to refuse it and instruct the jury to retire and return a proper verdict. No person excepting the judge can receive a verdict. *McClure* v. *State* (1881), 77 Ind. 287; *Quinn* v. *State* (1892), 130 Ind. 340; *Spurlock* v. *State* (1916), 185 Ind. 638.

The judge refused to receive the verdict first brought in because it did not pass upon the issues of the case. After an explanation, the jury retired and brought in a verdict covering the issues. The first verdict was not one upon which the court could render a judgment; it was therefore no verdict at all. It was proper and the duty of the court to refuse it and to point out to the jury its error, all of which was done. The jury having returned to the jury room to correct its verdict retained its power as to the form of the verdict and could have returned whatever verdict it decided upon the same as though it had not previously returned a defective verdict. *Gianino* v. *State* (1915), 183 Ind. 199; *Grant* v. *State* (1894), 33 Fla. 291, 14 So. 757, 23 L. R. A. 723; *Turbaville* v. *State* (1877), 58 Ga. 545.

Rule 26 of this court provides as follows: "Upon separate petition in writing by either party, on the original hearing of a cause, the court will set it down for oral argument, if the application is made within the time allowed for filing briefs, otherwise, the court in its discretion will refuse the application." This rule was not complied with by the appellant. The last sentence in appellant's brief is as follows: "In addition to the observations in this brief,

we respectfully ask for oral argument on the Points and Propositions set forth herein." This is not in compliance with Rule 26 of the Supreme Court.

The petition for rehearing is overruled.